**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DON FRANCIS,<br><br>Plaintiff,<br><br>v.<br><br>FOREWARN, LLC,<br><br>Defendant. | No. 25 CV 13566<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Forewarn provides identity information to realtors across Illinois. It requires users to subscribe to its service to search for an individual's background or criminal history. On Forewarn's website, it indicated that Don Francis had a possible criminal record and was on a "National Sex Offender Public Website." Despite repeated attempts to get Forewarn to remove that information, it remained available online to Forewarn's subscribers.

Francis brought suit in state court, accusing Forewarn of defamation and reckless conduct. Forewarn then removed the case to federal court based on diversity of citizenship. Francis filed an amended complaint, but neither the original nor the amended complaint contains allegations that Forewarn disseminated the defamatory statements to anyone. Because Francis has not made sufficient allegations of fact to plausibly suggest that he was injured by Forewarn's statements, there is no justiciable controversy, and the case must be remanded to DuPage County Circuit Court.

## I. Legal Standards

"A federal court must always satisfy itself that it has jurisdiction. Thus, even if the parties fail to spot a jurisdictional issue or agree that the court has jurisdiction, the court cannot proceed unless it makes an independent determination that it has jurisdiction." *Riley v. Bondi*, 606 U.S. 259, 273 (2025). Article III limits the jurisdiction of federal courts to "Cases" and "Controversies," and standing is "an essential and unchanging part of the case-or-controversy requirement." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A*, 590 U.S. 538, 540 (2020).

The elements of Article III standing must be established "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* That's because I "'presume that general allegations embrace those specific facts that are necessary to support the claim,' and the allegations of fact—though they must be clearly alleged—need only 'plausibly suggest' each element of standing, … drawing all reasonable inferences in the plaintiff's favor." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (citations omitted) (cleaned up).

## II. Background

Don Francis resides in Westmont, Illinois. [15] ¶ 1.[1] Forewarn is a technology company that provides identity information to the real estate industry. [15] ¶ 4. Forewarn only makes identity information accessible to subscribers, not the general public. *See* [21-1].[2] And rather than being published to the entire subscriber base, identity information is only furnished after the user requests it by providing identifying information for a specific individual. *See* [21-1]. On or prior to July 24, 2025, Forewarn posted on its website that Francis had a "Possible Criminal/Infraction Record" and was on a "National Sex Offender Public Website." [15] ¶ 5. Francis has never been charged with any sexually related crime or contacted by any police department about any such crimes. [15] ¶ 6. As early as 2023, counsel for Francis demanded that Forewarn remove references to his criminal record or inclusion on a sex offender registry. [15] ¶¶ 7–8. Up until July 24, 2025, Forewarn did not remove the allegedly defamatory statements from its website. [15] ¶ 9.

Francis filed suit against Forewarn in DuPage County Circuit Court, asserting state law claims for defamation *per se* and reckless conduct. [1-2]. Forewarn removed the case to federal court under 28 U.S.C. §§ 1332 & 1441, [1], and then moved to

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the amended complaint, [15].

[2] While the pleading stage concerns only the adequacy of the complaint, I may also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). Francis does not dispute that Forewarn's website may be considered.

dismiss the complaint, [6].[3] The parties agreed to the filing of the now-operative amended complaint, [15], mooting the prior motion. Forewarn now moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted. [20].

## III. Analysis

To assess whether a complaint adequately pleads standing, I follow a two-pronged approach: (1) I identify plaintiff's well-pleaded factual allegations, and then (2) I determine whether those well-pleaded factual allegations plausibly suggest a claim of subject-matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). That requires "stripping away all conclusory statements of wrongdoing" and only considering what remains. *Id.*

The amended complaint alleges that: Forewarn posted on its website that Francis had a "possible Criminal/Infraction Record" and that he was on a "National Sex Offender Public Website"; those statements were false; Francis's counsel informed Forewarn that those statements were false and demanded it remove any reference to the false reporting; Francis informed Forewarn that his criminal record had been expunged; and Forewarn did not remove the defamatory statements before

[3] Forewarn invoked federal jurisdiction based on diversity under 28 U.S.C. § 1332(a). [1] ¶ 1. When invoking complete diversity, however, Forewarn only alleged that Francis is an Illinois resident, and, upon information and belief, that he intends to remain in Illinois. [1] ¶ 3. Jurisdiction may not be alleged based on information and belief, *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992), and an allegation of residence alone is deficient, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Francis's amended complaint does not fix the problem, because he too only alleges his state of residence, not domicile. [15] ¶ 1. But because I may "choose among threshold grounds for denying audience to a case on the merits," I do not reach the issue. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999).

July 24, 2025. The allegations in the complaint that Forewarn "published false statements of fact" about Francis are legal conclusions not entitled to the presumption of truth. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal,* we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth.").

"Under longstanding American law, a person is injured when a defamatory statement 'that would subject him to hatred, contempt, or ridicule' is published *to a third party*." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432 (2021) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 13 (1990)) (emphasis added). While Francis has alleged that Forewarn made a defamatory statement, he has not made sufficient factual allegations to plausibly suggest that Forewarn disseminated the statement to a third party. Absent publication to a third party—or some other facts indicating that Forewarn's conduct caused physical or monetary harm—Francis has not been injured.

Francis argues that because Forewarn contracts with nine real estate associations (made up of 41,500 members in Illinois) and encourages its subscribers to access its data services as part of their ordinary course of business, one can draw a plausible inference that at least one subscriber looked up Francis's criminal history. [22] at 5–6.[4] That is not sufficient without additional allegations as to why any of

[4] The facts about Forewarn's subscriber rolls appear nowhere in the amended complaint.

Forewarn's subscribers would or did look up Francis's criminal history. Francis does not claim to be trying to engage in any real estate transaction, or any other activity that would make him more likely to be searched by a Forewarn subscriber than any other one of Illinois's 12.7 million residents.[5]

In his response to the motion to dismiss, Francis sought leave to file a second amended complaint. [22] at 13. While the norm is to afford a plaintiff at least one opportunity to amend his complaint, Francis has already had one such opportunity after his failure to allege publication was raised in Forewarn's first motion to dismiss. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (denying leave to amend is proper when "the plaintiff has already had multiple chances to cure deficiencies"). He did not add any allegations to address that issue in his amended complaint.

"Section 1447(c) requires federal courts to remand cases where they lack subject matter jurisdiction." *Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 836 (7th Cir. 2025); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Francis is free to raise any new or preexisting arguments in Illinois state court, where Article III does not limit jurisdiction and standing requirements are more lenient. *People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro*

[5] The complaint alleging defamation *per se* does not alter that analysis. "[L]ibel and slander *per se* 'require evidence of *publication*.' And for those torts, publication is generally presumed to cause a harm, albeit not a readily quantifiable harm." *TransUnion LLC*, 594 U.S. at 437 (quoting *Owner-Operator Indep. Drivers Ass'n, Inc. v. United States Dep't of Transportation*, 879 F.3d 339, 345 (D.C. Cir. 2018)). In other words, regardless of the content of the allegedly defamatory statement, if there is no publication, there is no injury.

*Van*, 177 Ill.2d 314, 328–29 (1997); *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 622 (7th Cir. 2020).

## IV. Conclusion

The clerk shall remand the case to the Eighteenth Judicial Circuit Court, DuPage County. Forewarn's motion to dismiss for failure to state a claim, [21], is terminated as moot.

ENTER:

Manish S. Shah
United States District Judge

Date: September 3, 2026